PER CURIAM:
The claimant, Howard D. Westbrook, seeks an award of $495.72 from the respondent, Division of Highways, for damage to his vehicle. The damage occurred on January 31,1996, at approximately 2:40 p.m., in South Parkersburg, West Virginia. Weather conditions were clear and cold, but no snow was on the ground. The damage occurred when the claimant’s vehicle struck an open drop inlet while he was driving into a private parking lot from Pike Street. Photographs of the inlet indicated that it was not located on the traveled portion of the roadway. Nevertheless, the inlet was within the boundaries of the respondent’s right-of-way and very close to the entrance of the private parking lot.
Paul Reese, the Wood County supervisor for the respondent, testified that Pike Street was maintained by the respondent. He characterized the roadway as a high priority feeder route. According to Mr. Reese, he was notified of a problem on Pike Street shortly after the claimant’s accident. He immediately went to the accident location to access the problem. When he arrived, he observed several pieces of broken concrete several feet away from the drop inlet opening. Mr. Reese believed that the broken concrete had served as a curb around the inlet at one time. Based on his observations, Mr. Reese concluded that the damage to the inlet was caused by snow removal equipment. However, he did not believe that the damage was caused by one of the respondent’s snow plows since their snow plow operators are specifically instructed not to plow private driveway entrances.
In this State it is well established that the respondent has a duty to maintain roads in a reasonable state of repair. However, this duty does not make the respondent an insurer of the safety of motorists traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In *125 order to establish liability on behalf of the respondent, a claimant must prove the respondent had notice of a road defect and had a reasonable opportunity to correct the defect. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The evidence in this claim revealed that the damage to the drop inlet was most likely caused by a snow plow. However, the evidence did not establish that one of the respondent’s snow plows caused the damage. Instead, the record revealed that snow plow operators for the respondent are not permitted to plow private driveway entrances. Moreover, the respondent was unaware of this defective drop inlet until shortly after the claimant’s accident.
Based on the reasons stated above, the Court finds that the claimant has not established any liability on behalf of the respondent for the damage caused by the defective drop inlet. Therefore, this claim must be denied.
Claim disallowed.